UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

FREDDIE LEE SPRUILL,  :

            Plaintiff,  :   06 Civ. 11362 (WHP)

    -against-  :   MEMORANDUM AND ORDER

NEW YORK CITY HEALTH AND  :
HOSPITALS CORPORATION et al.,

           Defendants.  :

------------------------------X

WILLIAM H. PAULEY III, District Judge:

    Pro se Plaintiff Freddie Lee Spruill ("Spruill") brings this employment discrimination action against Defendants New York City Health and Hospitals Corporation ("HHC"), North Central Bronx Hospital, Jacobi Hospital, the Office of the Inspector General and the International Brotherhood of Teamsters Local 237 ("IBT") pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq. ("ADA"). This Court previously dismissed all claims against IBT and a Title VII claim against HHC. Spruill v. NYC Health & Hospital, No. 06 Civ. 11362 (WHP), 2007 WL 2456960 (S.D.N.Y. Aug. 23, 2007). The remaining Defendants—HHC, North Central Bronx Hospital, Jackobi Hospital and the Office of the Inspector General—now move for summary judgment dismissing all remaining claims. For

1

the following reasons, Defendants' motion for summary judgment is granted and this action is dismissed.

## BACKGROUND

Spruill, who was fifty-seven years old when he filed this suit, was employed as a security guard for HHC from 1971 to 2004. (Declaration of Andrez Carberry dated Dec. 21, 2007 ("Carberry Decl.") Ex. B: Deposition of Spruill dated June 11, 2007 at 24, 86.) On March 19, 2001, Spruill submitted a letter to HHC from his doctor in support of his request to change shifts because of hypertension. (Carberry Decl. Exs. D: Letter from Eric J. Williams to John Nicoletti dated Mar. 12, 2001 & E: Spruill tour change request form.) HHC granted Spruill's request. (Carberry Decl. Ex. B at 61.) Spruill submitted another doctor's letter informing HHC that because he was taking a diuretic, he required more frequent restroom breaks. (Carberry Decl. Ex. F: Letter from Eric J. Williams to Sydney Stanford dated Mar. 16, 2002.) Though Spruill asserts that his supervisor, Renardo Ugarte ("Ugarte"), subsequently delayed his requested restroom breaks by up to thirty-five minutes, all of Spruill's requests to use the restroom were ultimately granted. (Carberry Decl. Ex. B at 56, 63.)

Spruill states that Ugarte once called him a "thirty-year waste." (Carberry Decl. Ex. B at 104.) Spruill also asserts that on January 10, 2000, another supervisor, Sergeant Garcia ("Garcia"), was overheard telling Ugarte that the department would be better without the senior officers. (Carberry Decl. Ex. B at 90.)

2

On September 12, 2002, Spruill received an overall performance rating of "Needs Improvement" for the 2001-2002 rating period. (Carberry Decl. Ex. G: Spruill annual performance evaluation for 2001-2002.)

DISCUSSION

I. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997). In determining whether there is a genuine issue as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [his] favor." Liberty Lobby, 477 U.S. at 255.

"A plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment." Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997). "[M]ere speculation or conjecture" are also insufficient. W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990). Rather, a plaintiff "must come forward with evidence

3

that would be sufficient to support a jury verdict in [his] favor." Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

Although a pro se plaintiff must meet this standard, his submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "As the Supreme Court has recently observed, 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Sealed Plaintiff v. Sealed Defendant, --- F.3d ----, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) (quoting Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200 (2007) (per curiam)). Thus, the Court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II. ADEA

To establish a prima facie case of age discrimination pursuant to the ADEA, a plaintiff must demonstrate, inter alia, an adverse employment action. Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007). "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment. To be materially adverse a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Galabya v. New

York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks and citation omitted).

The only adverse employment actions Spruill asserts are (1) the negative evaluation Spruill received during the 2001-2002 term, (2) Ugarte's remark that Spruill was a "thirty-year waste," and (3) Garcia's overheard statement on January 10, 2000 that the department would be better without the senior officers (Carberry Decl. Ex. B at 90, 104.) A negative evaluation by itself does not constitute an adverse employment action, for "[i]t hardly needs saying that a criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action." Weeks v. N.Y. State (Div. of Parole), 273 F.3d 76, 86 (2d Cir. 2001), abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan, 535 U.S. 101 (2002); see also Knight v. City of N.Y., 303 F. Supp. 2d 485, 497 (S.D.N.Y. 2004) (unsatisfactory rating without accompanying diminution in terms of employment is not an adverse employment action); Valentine v. Standard & Poor's, 50 F. Supp. 2d 262, 284 (S.D.N.Y. 1999) ("Negative evaluations alone, without any accompanying adverse result, however, are not cognizable."). Because Spruill provides no evidence that the evaluation he received for the 2001-2002 term led to any adverse consequence, it is not an adverse employment action. See Weeks, 273 F.3d at 86; Galabya, 202 F.3d at 640.

"[S]tray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination," but rather must be accompanied by "other indicia of discrimination[.]" Danzer v. Norden Sys., Inc., 151 F.3d 50, 56 (2d Cir. 1998).

The two isolated remarks made by Ugarte and Garcia are the only evidence that HHC discriminated against Spruill because of his age. Alone, these remarks do not create an inference of discrimination.

Accordingly, Defendants' motion for summary judgment dismissing Spruill's ADEA claims is granted.

III. ADA

To establish a prima facie case under the ADA, a plaintiff must show, inter alia, that he has a disability. Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 149-50 (2d Cir. 1998). The ADA defines a "disability" as, in relevant part, "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual[.]" 42 U.S.C. § 12102(2). An impairment rises to the level of a disability only if, in its treated form, it substantially limits a major life activity. Sutton v. United Air Lines, Inc., 527 U.S. 471, 482-83, 486 (1999); see Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 198 (2002) (medical diagnosis alone, without evidence of a substantial impact on a life activity, does not amount to a disability). "[T]he term 'substantially limits' means, in pertinent part, '[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.'" Reeves, 140 F.3d at 150 (quoting 29 C.F.R. § 1630.2(j)(1)(ii)). The "substantially limits"

requirement "underscores that the impairment must be significant, and not merely trivial." Reeves, 140 F.3d at 151 (internal quotation omitted).

Spruill offers no evidence that his hypertension, which he was treating with medication, restricted the condition, manner or duration of performance of any major life activity. See Murphy v. United Parcel Service. Inc., 527 U.S. 516 (1999) (affirming summary judgment for defendants because plaintiff, who suffered from hypertension, failed to show that it kept him from working a job comparable in skill level to his previous one). Nor does Spruill's medication-induced need to urinate frequently substantially limit any major life activity. See Hazeldine v. Beverage Media, Ltd., 954 F. Supp 697, 704 (S.D.N.Y. 1997) (morbidly obese plaintiff's need to take frequent breaks from daily activities to rest does not substantially limit those activities). Because neither treated hypertension nor the resulting need to micturate more frequently constitutes a disability, Defendants' motion for summary judgment dismissing Spruill's ADA claim is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and the action is dismissed. The Clerk of Court is directed to terminate all motions pending as of this date and mark the case closed.

Dated: August 25, 2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to*:

Freddie Lee Spruill
120 Dreiser Loop
Apartment #5E
Bronx, NY 10475
*Pro Se* Plaintiff

Andrez Carberry, Esq.
New York City Law Department
100 Church Street
New York, NY 10007
*Counsel for Defendants*